Gwendolyn **WILLIAMS,**
Plaintiff–Appellant,

v.

**ALLIANCE NATIONAL INC., d/b/a Alliance Business Centers, Daria Semkow and Laura Kozelouzek, Defendants–Appellees.**

**Docket No. 01–7350.**

United States Court of Appeals,
Second Circuit.

Nov. 19, 2001.

Joseph Zelmanovitz, Sheldon Eisenberger, on the brief, New York, NY, for appellant.

Christopher J. Collins, Proskauer Rose LLP, New York, NY, for appellee.

Present WALKER, Chief Judge, POOLER, KATZMANN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Gwendolyn Williams appeals from the March 22, 2001 judgment of the district court granting defendants-appellees Alliance National, Inc. ("Alliance"), Daria Semkow, and Laura Kozelouzek's motion for summary judgment pursuant to Fed.R.Civ.P. 56 and dismissing Williams's complaint. Williams, an African American, claims that appellants demoted her and then terminated her employment at Alliance because of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the New York Human Rights Law, N.Y. Exec. Law § 298 *et seq.*; and the Administrative Code of the City of New York, § 8–107 *et seq.*

From November 1993 until her termination in April 1998, Williams was employed in various positions by Alliance, which provides temporary office space and business support services to clients. After working in several clerical positions, Williams was promoted to a managerial position, Operations Coordinator, in 1996; in July 1997, she was promoted to Sales Coordinator by Semkow, who, along with Kozelouzek, was Williams's supervisor. In November 1997, Williams accepted Semkow's offer of employment as Operations Manager, a move which Williams claims was in fact a demotion even though her pay was not cut and the position is accorded a higher base pay and a higher ranking in an Alliance document titled "Salary Ranges." In February and March of 1998, Williams received warning memoranda

specifying deficiencies in her performance as Operations Manager and, in the case of the latter memorandum, placing her on probation and warning her of possible termination in the event that her performance did not improve. In April 1998, Alliance terminated Williams's employment for, it claims, substantially the reasons stated in the March 1998 memorandum.

Williams thereupon brought the instant suit, claiming that defendants first demoted her, by moving her from Sales Coordinator to Operations Manager, and then terminated her employment, all because of her race. Specifically, Williams contends that her rapid rise through the corporate ranks at Alliance ended abruptly because of Alliance's "glass ceiling," which precluded African Americans from reaching the executive positions; and that defendants set her up to fail in various ways and then generated negative evaluations to create a pretext for their discriminatory practices. The district court dismissed Williams's claims on summary judgment, finding that Williams failed to make out a prima facie case of employment discrimination. According to the district court, Williams did not adduce sufficient evidence to raise an issue that she was demoted, rather than promoted, in her move from Sales Coordinator to Operations Manager or that she was qualified for that position when she was terminated. On appeal, Williams claims that the district court erred because: (1) she did adduce sufficient evidence to at least raise a material issue that her demotion and termination were motivated by racial animus; and (2) the employment practices leading to her demotion and termination established a claim for disparate impact discrimination.

Reviewing Williams's claims *de novo*, and interpreting the evidence in the light most favorable to her, *VKK Corp. v. National Football League*, 244 F.3d 114, 118 (2d Cir.2001), we affirm the district court's grant of summary judgment although for slightly different reasons.

In order to establish both a Title VII and the related state and municipal claims for race discrimination in employment, Williams must first establish a prima facie case by showing that she was (1) a member of a protected class; (2) qualified for her job; (3) suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Stern v. Trustees of Columbia Univ. in the City of New York*, 131 F.3d 305, 311–12 (2d Cir.1997); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714–15 (2d Cir.1996) (noting the similarity between Title VII and New York's Human Rights Law). If Williams makes out a prima facie case, the burden of production shifts to appellees to advance a legitimate non-discriminatory reason for their actions, which Williams must then show is a pretext for discrimination. *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir.2000).

With respect to Williams's claim that she was discriminated against in her termination, the district court properly relied on the performance memoranda detailing the deficiencies of Williams's performance as Operations Manager to find that she was unqualified for the position at the time of her termination and hence failed to make out a prima facie case. *See Meiri v. Dacon*, 759 F.2d 989, 995 (2d Cir.1985). Rather than produce any objective, credible evidence to show her competency, Williams relies on her own subjective evaluation of her performance and evaluations from prior jobs. This evidence is irrelevant, and the possibility that her termination was preceded by her first negative evaluations, even if true, is insufficient without more to raise any suspicions, *Viola v. Philips Medical Systems of North*

*America,* 42 F.3d 712, 717–18 (2d Cir. 1994).

■ With respect to Williams's other claim, that she was discriminated against in her alleged demotion from Sales Coordinator to Operations Manager, we affirm the district court but on different grounds. Specifically, we are not convinced by the district court's finding that Williams failed to establish that she suffered an adverse employment action and hence did not make out a prima facie case with respect to her alleged demotion to Operations Manager. A plaintiff can show an adverse employment action where, even though she was transferred to a job with the same rank and pay, the new position was arguably less prestigious or entailed diminished responsibilities. *de la Cruz v. New York City Human Res. Admin. Dep't of Soc. Servs.,* 82 F.3d 16, 21 (2d Cir.1996). In this case, there was sufficient evidence to at least raise an issue that Williams's transfer to Operations Manager was an adverse employment action because, although her pay was not cut and she was ostensibly moved a step up in the company hierarchy, she might in fact have been moved down or laterally to a position with diminished responsibility and prestige. That Williams's sales duties were then assumed by a newly hired white woman, albeit in a different position, could give rise to the inference of discrimination. *Schnabel,* 232 F.3d at 87. Though Williams's case is not particularly strong, we have repeatedly stated that the burden of establishing a prima facie case is "minimal." *Id.* at 87.

■ However, Williams's claim based on her transfer to Operations Manager ultimately fails because she cannot show that the legitimate non-discriminatory reasons for this employment action were pretexts for discrimination. To the contrary, the same evidence that suggests that Williams might have suffered an adverse employment action also shows that her move to Operations Manager was motivated, not by racial animus, but rather by Williams's unsatisfactory performance as Sales Coordinator and by Alliance's need for someone to assume some of the managerial duties of the vacant Operations Manager position. *See de la Cruz,* 82 F.3d at 22 (finding that performance problems that do not render an employee unqualified for a job may constitute a legitimate non-discriminatory reason for a transfer to a less desirable position). We find it to be particularly unlikely that Semkow was motivated by racial animus in making this or any other employment decision because, apart from the other weaknesses of the evidence offered by Williams to support this claim, it was Semkow who promoted Williams to the Sales Coordinator position. *See Schnabel,* 232 F.3d at 91. In addition, Williams's allegations of Alliance's general practice of discrimination are not only unsupported by any evidence but also belied by Williams's own rapid climb up the Alliance corporate ladder. Thus, Williams's claim fails because "plaintiff has presented no evidence upon which a reasonable trier of fact could base the conclusion that [race] was a determinative factor in [appellees'] decision" to demote her. *Id.* at 91.

Finally, Williams's disparate impact claim is without merit because it is a transparent effort to recast her disparate treatment claim as a disparate impact claim and thereby circumvent the subjective intent requirement for a disparate treatment case. *See Maresco v. Evans Chemetics, Div. of W.R. Grace,* 964 F.2d 106, 115 (2d Cir.1992).

Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED.**